[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT (#131)
The defendant moves that the plaintiff be held in contempt for failure to pay a bill in the amount of approximately $4,000 which she claims the plaintiff was obligated to pay under the terms of the judgment dissolving the parties's marriage. For the reasons set forth in this memorandum, the motion for contempt is denied.
The marriage of the parties was dissolved on March 21, 2000. The court (Brennan, JTR) incorporated the separation agreement of the parties in the judgment. Pursuant to the terms of the judgment the defendant transferred to the plaintiff her stock in Herman Gross, Inc., an unfinished furniture business which the parties had owned and operated together. The defendant also resigned as president of that Connecticut corporation. The plaintiff continued to operate the business until October 2000 when he closed the business. The plaintiff attempted to pay all of the debts of the business and to return all deposits for furniture which had not been delivered at the time he shut the doors. He thinks that all deposits were returned and all debts were paid.
In May 2001 the defendant was contacted by a company known as Card Service International, a California company which, among other things, provides insurance to businesses in case they are unable to make refunds to customers. Card Service International had provided this insurance to Herman Gross, Inc. The representative from Card Service International claimed that Herman Gross, Inc. owed them approximately $4,000 as a result of deposits to customer which were never made. Further, he claimed that the defendant had signed a personal guarantee for the debts of Herman Gross, Inc. As a result, the representative demanded that the CT Page 3825 defendant pay the $4,000. The defendant called the plaintiff who said that the refunds had all been made and that nothing was owed to Card Service International.
In September 2001 the defendant was sued by Card Service International in a California court. The defendant has not hired an attorney to represent her. The defendant does not know if a judgment has entered against her. She may have valid defenses to the action because she denies that she signed the personal guarantee, and the plaintiff claims that nothing is owed to Card Service International.
The defendant claims that the plaintiff has violated the following provision of the dissolution judgment: "From the date of this Agreement, neither party shall contract any indebtedness nor incur any liability for which the other party may be held liable." This provision does not apply to the facts of this case. The debt, if it is valid, is a corporate debt of Herman Gross, Inc. Therefore, the plaintiff did not "contract" for it of "incur" it. For this reason, the plaintiff cannot be held in contempt of court. In order to constitute contempt, a party's conduct must be wilful. Connolly v. Connolly, 191 Conn. 468, 483 (1983). "The contempt remedy is particularly harsh . . . and may be founded solely upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind." (Citations omitted)Eldridge v. Eldridge, 244 Conn. 523, 529 (1998).
The motion for contempt is denied.
____________________ John W. Pickard, J.